HON. ARTHUR LEVITT State Comptroller
This is in reply to your letter of March 18, 1977, in which you request my opinion as to whether you, as Trustee of the Common Retirement Fund ("CRF"), may engage in the sale of covered options relative to common stocks held by the Fund. For the purposes of this opinion, the following assumptions of fact are made based upon similar plans adopted by private trusts or approved by the Banking Department. The options will be written only as to stock owned by the Fund, that is, "covered options"; a security on which an option has been written will not be sold during the period of the option without the contemporaneous purchase of an identical option; only exchange-traded call options will be written on stocks which CRF owns and only exchange-traded call options will be purchased and then only for the purpose of a closing purchase transaction; and such options will be written only for short periods of from three to six months. The above assumptions are generally accepted as precautions which tend to reduce the speculative nature of option trading. Income to CRF would be generated in the form of the premium paid for the option, which will be credited to the member funds of CRF in the same manner as would cash received for the sale of the stock.
It should be noted that the Superintendent of Insurance of the State of New York, the State Banking Department and the United States Comptroller of the Currency have each approved option trading for funds within their regulatory jurisdiction.
Retirement and Social Security Law, § 423 provides as to CRF:
 "a. On and after April first, nineteen hundred sixty-seven, the comptroller shall invest the available monies of the common retirement fund in any investments and securities authorized by law for each retirement system and shall hold such investments in his name as trustee of such fund, notwithstanding any other provisions of this chapter. * * *"
The Comptroller's power relative to investment in common stock is found in section 177 of the Retirement and Social Security Law, which authorizes him to invest in securities mentioned in specified paragraphs of subdivision 26 of section 235 of the Banking Law. Section 177 refers to the Banking Law to identify the type of investment which can be made, but not for the Comptroller's powers in handling investments that have been made. With respect to the power of the Comptroller in dealing with the assets of CRF, section 13(b) of the Retirement and Social Security Law provides as to the State Employees Retirement Fund assets:
"The comptroller shall have full power:
 "1. To hold, purchase, sell, assign, transfer or dispose of any of the securities or investments, in which any of the funds of the retirement system shall be invested, including the proceeds of such investments and any monies belonging to such funds, * * *."
Similar provisions are contained in section 313 of the Law relative to the Policemen's and Firemen's Retirement Fund, which two funds comprise CRF.
While there are no judicial decisions in New York considering the precise question of whether the trustee of a retirement fund may sell options on stock held by the fund, section 11-1.1(b) (7) of the Estates, Powers and Trusts Law specifically authorizes the sale of options on property of the trust, whether real or personal property, provided that such options are for no longer than six months. That provision was added to the EPTL to overcome an 1899 decision which had held that a trustee could not sell an option on real property (McKinney's Practice Commentary to section 11-1.1, page 12). That provision is evidence of a legislative intent that trustees have the power to sell options on trust property.
From the above, I conclude that the power contained in sections13 and 313 of the Retirement and Social Security Law are sufficiently broad to confer upon the trustee of the Common Retirement Fund the legal authority to write covered call options on stock held in the Fund portfolio, and to purchase options for the purpose of closing purchase transactions. I should also note, however, that in purchasing call options, the stock involved in such options must meet the criteria of section 177
of the Retirement and Social Security Law, as being eligible for investment by the Fund. Further, in advising you that you have the power to engage in option writing and closing purchase transactions, I do not express any opinion upon or pass upon the wisdom of such transactions or upon any particular plan for such option writing and closing purchase transactions. Those latter considerations are within your sole discretionary responsibility as trustee of the Fund.